UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA D. BRODSKY, | |
| Plaintiff, | Case No. 2:13-cv-02160-GMN-GWF |
| vs. | |
| DR. MANDURA, *et al.*, | ORDER |
| Defendants. | |

This action is a *pro se* civil rights complaint filed by an inmate. Plaintiff has submitted a complaint and seeks leave to proceed *in forma pauperis*. (ECF No. 1). This matter has not been properly commenced because plaintiff submitted incomplete financial paperwork. The *in forma pauperis* application was not submitted on the court-approved form as required by Local Rule LSR 1-1. In addition to filing an application to proceed *in forma pauperis* on the court-approved form, a prisoner seeking to proceed *in forma pauperis* "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(1), (2); Local Rule LSR 1-2. Plaintiff has failed to submit an *in forma pauperis* application on the court-approved form and has failed to provide the necessary financial information.

It does not appear from the papers presented that a dismissal without prejudice would result in a promptly-filed new complaint being untimely. In this regard, plaintiff at all times remains responsible for calculating the running of the limitations period as applied to this matter and properly commencing a timely-filed civil rights action.[1]

---

[1] Section 1983 does not contain a specific statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985); *Vaughan v. Grijalva*, 927 F.2d 476, 478 (9th Cir. 1991). The Supreme Court has determined the appropriate statute of limitations for all § 1983 claims, regardless of the facts or legal theory of the particular case, is the forum state's statute of limitations for personal injury actions. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir.) (per curiam), *cert. denied*, 493 U.S. 860 (1989). The statute of limitations in Nevada for personal injuries is two years. *See* Nev. Rev. Stat. § 11.190(4)(e).

**IT IS THEREFORE ORDERED** that the application (ECF No. 1) to proceed *in forma pauperis* is **DENIED** and that this action is **DISMISSED WITHOUT PREJUDICE** to the filing of a new complaint in a new action with a properly completed *in forma pauperis* application with complete financial attachments in compliance with 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send plaintiff the following: (1) two copies of an *in forma pauperis* application form for a prisoner and instructions for same; (2) two copies of a blank 42 U.S.C. § 1983 prisoner civil rights form and instructions for the same; and (3) one copy of the papers submitted by plaintiff at ECF No. 1 & 1-1.

**IT IS FURTHER ORDERED** that plaintiff may file a new complaint and new *in forma pauperis* application in a new action, but he may not file further documents in this action.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly

**IT IS FURTHER ORDERED** that this court **CERTIFIES** that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

**DATED** this 26th day of November, 2013.

Gloria M. Navarro
United States District Judge

2